---

PEOPLE ex rel. McLAUGHLIN v. AMMENWERTH et al.

PEOPLE ex rel. DE GROOT v. BOARD OF CANVASSERS OF QUEENS COUNTY et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1909.)

1. MANDAMUS (§ 74*)—ELECTION OFFICERS—COUNTING BALLOTS.

   Election Law (Consol. Laws, c. 17) § 370, provides that when any particular ballot is not void, and an election officer or duly authorized watcher shall during the canvass declare his belief that such ballot has been marked for the purpose of identification, the inspectors shall write on the back of such ballot the words "Protested as marked for identification," and the votes upon each such ballot shall be counted by them as if not so. protested. *Held*, that where ballots are marked as provided by section 370, but were not counted, mandamus will lie to compel the board of inspectors to count such ballots, and the inspectors will be continued in office until the time for such review has expired for the purpose of such mandamus proceeding.

   [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 150–157; Dec. Dig. § 74.*]

2. MANDAMUS (§ 74*)—ELECTION OFFICERS—CORRECTION OF ELECTION RETURNS.

   Under Election Law (Consol. Laws, c. 17) § 355, it is the duty of the poll clerks to make tally sheets, and under section 369 it is their duty to register the decision of the inspectors who canvass the vote, and by section 366 it is made the duty of the inspectors to canvass the vote. *Held*, where a board of election inspectors had made a return in which they had omitted to count ballots that had been protested as marked for identification, and had been compelled by mandamus to count the ballots, and had made a corrected return after counting such ballots, that mandamus would not lie to compel them to change the corrected return, so that the figures upon it would conform to the tally sheets of the vote in the election dis-

trict, as granting such relief would have reversed the order to count the protested ballots.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 150–157; Dec. Dig. § 74.*]

Appeal from Special Term, Queens County.

The People, on the relation of James F. McLaughlin, applied for a peremptory writ of mandamus against Joseph A. Ammenwerth and others, and on the relation of William A. De Groot applied for a writ of mandamus against the Board of County Canvassers of the County of Queens and another. From an order in the first case granting the application, and from an order in the second case denying the application, an appeal was taken. Affirmed in both cases.

See, also, 119 N. Y. Supp. 1140.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, THOMAS, and RICH, JJ.

William A. De Groot, in pro. per.

Leander B. Faber, for respondents.

BURR, J. At the general election held on November 2, 1909, James F. McLaughlin and William A. De Groot were candidates for the office of Municipal Court justice for the Fourth Municipal Court district of the borough of Queens. In the Sixteenth election district of the Fourth assembly district of the said borough 361 ballots were cast. The return filed by the inspectors contained the following statement:

"Statement and Return of the Votes for the Office of Justice of the Municipal Court for the Fourth District. The number of ballots cast on which votes were counted for any candidate for office was 361. The number of ballots cast and counted on which there was no vote for the office of justice of the Municipal Court for the ——— district was 36. The whole number of ballots on which votes were counted for the office of justice of the Municipal Court for the ——— district was 325"

—of which William A. De Groot received 86, James F. McLaughlin received 174, and Ralph P. Buell received 65. Immediately thereafter, and before the returns had been canvassed by the board of county canvassers, James F. McLaughlin, the relator in the first entitled proceeding, presented to the Special Term of the Supreme Court affidavits to the effect that included among the ballots, 36 in number, concerning which the statement had been made that there was no vote thereon for the office of justice of the Municipal Court, there were 17 ballots, each of which contained a vote for such justice, which during the canvass had been "protested as marked for identification," and had been so marked by the chairman of the board of inspectors, and had been placed with the void ballots in an envelope provided for that purpose, and not counted for either candidate. One of the inspectors made an affidavit to the effect that:

"The said board of inspectors were of the opinion that the law did not require such protested ballots to be counted, and for that reason and acting in good faith the same were not counted."

Upon the return of the order to show cause granted on said application, the entire board of inspectors appeared in open court and admit-

ted the truth of the statement contained in the moving affidavits, and no affidavits were presented in opposition. Upon due notice to the said William A. De Groot, who was allowed to intervene in the proceeding, the court granted a peremptory writ of mandamus requiring the said board of inspectors to meet in the office of the county clerk at a designated time and in the presence of the contesting candidates to open the sealed envelope filed by them which contained the void and protested ballots, and to canvass and to count the 17 protested ballots which had not been counted, and make a true return thereof, and then replace the said protested ballots, statement, and return in their respective envelopes, seal the same, and forthwith file them with the said county clerk. From the order granting this writ of mandamus, an appeal was taken by the said William A. De Groot.

The order was properly made. Election Law (Consol. Laws, c. 17) § 370, provides as follows:

"When any particular ballot is not void and an inspector of election or other election officer or duly authorized watcher shall, during the canvass of the vote, declare his belief that such ballot has been written upon or marked in any way for the purpose of identification, the inspectors shall write on the back of such ballot the words 'protested as marked for identification,' and shall specify over their signatures upon the back thereof the mark or marking upon such ballot to which objection is made. The votes upon each such ballot shall be counted by them, as if not so protested."

The proceeding here taken is not in the nature of a recount of ballots already counted, but is in effect one to compel the board of inspectors to complete an imperfect and uncompleted canvass and declare the result in accordance therewith. Under such circumstances a writ of mandamus is the proper remedy. People ex rel. Smith v. Schiellein, 95 N. Y. 124; People ex rel. Bradley v. Shaw, 133 N. Y. 493, 31 N. E. 512, 16 L. R. A. 606; In re Stewart, 155 N. Y. 545, 50 N. E. 51; People ex rel. Sturtevant v. Armstrong, 116 App. Div. 103, 101 N. Y. Supp. 712. If there had been a completed canvass made and a result certified, which it was sought to change by a recount, a different question might be presented. People ex rel. Brink v. Way, 179 N. Y. 174, 71 N. E. 756; Hearst v. Woelper, 183 N. Y. 274, 76 N. E. 28. By the express provisions of the statute the inspectors of election are continued in office until after the court has reviewed their action with regard to these protested ballots, if such review is had. This was a proceeding to compel action on their part respecting the same in accordance with law, so that the court might be in a position to review the correctness of their decision. The greater includes the less. If they are deemed to be in office until the time for such review has expired, they were in office for the purposes of this proceeding.

After the board had met and acted in accordance with the directions of the above-mentioned writ, and had counted and canvassed the votes represented by the protested ballots, they corrected their return and statement so that it read as follows:

"Statement and Return of the Votes for the Office of Justice of the Municipal Court for the Fourth District. The number of ballots cast on which votes were counted for any candidate for office was 361. The number of ballots cast and counted on which there was no vote for the office of justice of the Municipal Court for the ——— district was 19. The whole number of

ballots on which votes were counted for the office of justice of the Municipal Court for the ———— district was 342, of which Wm. A. De Groot received 90, Jas. F. McLaughlin received 181, and Ralph P. Buell received 71."

Thereupon the said De Groot applied for a peremptory writ of mandamus requiring the board of county canvassers to order and direct the board of election inspectors of the Sixteenth election district of the Fourth assembly district to appear before them and again change the return so that the figures upon it should conform to the tally sheets of the vote in said election district. McLaughlin intervened in this proceeding, and from the order denying the application the appeal in the second above entitled proceeding is taken.

To have granted the relief asked for would have been in effect to reverse the order granted in the first above entitled proceeding. In a sense the tally sheet is the original entry of the casting and canvassing of the vote, and ordinarily it should control in case of any discrepancy between it and the clerical statement made from it by the inspectors after the completion of the canvass for the purposes of convenience. In re Stewart, supra. But in this case there was no discrepancy between the tally sheet and the return so far as the number of votes cast is concerned, nor as to the number of votes cast for each candidate so far as the count had been completed. It is the duty of the inspectors to canvass the vote. Election Law, supra, § 366. The duty of the poll clerks is to register their decision with respect to the same (Id. § 369), and make tally sheets thereof (Id. § 355). When the inspectors had completed the count and had corrected their return, it would seem to be an idle ceremony to summon the poll clerks to meet and correct the tally sheets, since their action would at most be but the further registration of the decision of the inspectors upon a canvass of the votes.

The order appealed from in the first above entitled proceeding should be affirmed, with $10 costs and disbursements; and the order appealed from in the second above entitled proceeding should also be affirmed, with $10 costs and disbursements. All concur.